# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **WILLIAM HASKINS,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action Nos. 1:13-11643** |
| ) | **Criminal Action No. 1:95-00072** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion for Voluntary Dismissal of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 738.), filed on May 28, 2013.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND

On October 10, 1995, Movant pled guilty to distributing crack and aiding and abetting the distribution of crack in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Movant was sentenced on February 8, 1996. The District Court concluded that Movant was accountable for the distribution of 575 grams of cocaine base and found his base offense level to be 36. The District Court added two offense levels for Movant's possession of a dangerous weapon during a drug trafficking crime, three offense levels for his managerial role in the offense and two offense levels for obstruction of justice. The Court subtracted two offense levels for Movant's acceptance of responsibility. The District Court

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

determined that Movant's total offense level was 41 and as a career criminal his Criminal History Category was VI making Movant eligible for sentencing in the range of 360 months to life. The District Court sentenced Movant to 420 months in prison.2 United States v.Haskins, Criminal No. 1:95-0072-07, Document Nos. 273 and 277. Movant appealed his sentence, and on July 10, 1998, the Fourth Circuit affirmed Movant's sentence. United States v. Haskins, 155 F.3d 562, 1998 WL 393990 (4th Cir.(W.Va.)). Petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court.

On December 29, 2000, Movant filed a Petition to Set Aside Guilty Plea thus initiating Civil Action No. 1:00-1225. (Criminal No. 1:95-0072-07, Document No. 414.) United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation on February 15, 2001, considering Movant's Petition a Motion to Vacate, Set Aside and Correct Sentence filed pursuant to 28 U.S.C. § 2255 and recommending that Movant's Motion be dismissed as untimely because it was filed more than one year after the date the judgment of conviction became final. (Id., Document No. 420.) Movant filed objections on March 2, 2001. (Id., Document No. 421.) By Order entered on January 23, 2003, the District Court adopted Magistrate Judge Feinberg's Proposed Findings and Recommendation. (Id., Document No. 487.)

On June 27, 2001, Movant filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia seeking to challenge the constitutionality of his February 8, 1996, convictions in the West Virginia District Court. (Id., Document No. 426.) United States Magistrate Judge Gerrilyn G. Brill determined that the Movant's Petition should be considered a Motion filed under 28 U.S.C. § 2255 and transferred the case to the Southern District of West Virginia. (Id.) The case was designated 1:01-0637 in this District. (Id.) On September 17, 2001, United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and

Recommendation recommending that the case be dismissed because it constituted a second or successive § 2255 proceeding and was initiated without authorization of the United States Court of Appeals for the Fourth Circuit. (Id., Document No. 444.) Movant filed objections on October 5, 2001, claiming that the Court's characterization of his Petition as a § 2255 Motion was improper and disputing the Court's jurisdiction. (Id., Document No. 445.) By Judgment Order entered on September 22, 2003, the District Court overruled Movant's objections, adopted Magistrate Judge Feinberg's findings and recommendation and dismissed Movant's Petition. (Id., Document No. 558.)

On September 10, 2002, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c) thus initiating Civil Action No. 1:02- 134. (Id., Document No. 481.) Movant claimed that "his sentence was imposed based upon a misapplication of the Guidelines, therefore, the court should resentence movant under the correct base offense level applicable for his alleged crime." (Id.) Specifically, Movant asserted that "the government failed to prove by a preponderance of the evidence that substance defendant was charged and convicted with was 'crack' and therefore the enhanced sentence was error" and his base offense level should have began at the base offense level 12, not 36 as the P.S.I. held, and the court utilized as the starting point for the sentence." (Id.) The undersigned entered Proposed Findings and Recommendation on October 28, 2002, concluding that Movant raised issues typically considered upon applications under 28 U.S.C. § 2255, not under § 3582, and recommending dismissal. (Id., Document No. 485.) On February 10, 2003, the District Court adopted the undersigned's proposed findings and recommendation and dismissed Movant's Motion. (Id., Document No. 488.)

On June 19, 2003, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c) thus initiating Civil Action No. 1:03- 0558. (Id., Document No. 534.) In his Motion, Movant requested that the "court give retroactive effect to Amendment 506 and 567 under U.S.S.G.

§ 1B1.10(c) and reduce his sentence from 420 months to 210 - 262 months." (Id.) By Proposed Findings and Recommendation entered on May 17, 2006, the undersigned recommended that Movant's Motion be denied. (Id., Document No. 655.) Movant filed his Objections on June 8, 2006. (Id., Document No. 658.) By Memorandum Opinion and Order entered on July 31, 2006, the District Court adopted the undersigned's recommendation and dismissed Movant's Motion. (Id., Document No. 659.)

On August 26, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Id., Document No. 662.) By Order entered on March 16, 2009, the District Court designated Movant for standard considered and appointed counsel. (Id., Document No. 673.) The United States filed its Response to Movant's Motion on March 23, 2009. (Id., Document No. 675.) By Order entered on April 27, 2010, the District Court denied Movant's Motion finding that "defendant's sentencing range has not been lowered as a result of the amendment." (Id., Document No. 701.)

On November 10, 2011, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. (Id., Document No. 708.) By Order entered on November 29, 2011, the District Court designated Movant for standard considered and appointed counsel. (Id., Document No. 709.) The United States filed its Response to Movant's Motion on December 6, 2011. (Id., Document No. 711.) By Memorandum Opinion and Order entered on August 31, 2012, the District Court denied Movant's Motion finding that "[d]efendant was sentenced as a

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

career offender." (Id., Document No. 726.) The District Court noted that Movant argued he was improperly classified as a career offender at his original sentencing. (Id.) Therefore, the District Court noted that "[i]f defendant wishes to pursue this claim, he should contact the Clerk's Office regarding his desire to pursue a habeas case." (Id.) Movant filed a Notice of Appeal. (Id., Document No. 717.) On April 22, 2013, the District Court entered a "Rule 24 Order" denying Movant's motion to proceed on appeal in forma pauperis. (Id., Document No. 732.) On May 1, 2013, Movant filed a Motion for Reconsideration requesting that the Court reconsider its "Rule 24 Order denying forma pauperis April 22, 2013, and the court's denial of William Haskins, 18 U.S.C. § 3582(c)(2), to reduce his sentence based upon a subsequent reduction in the applicable sentencing guideline." (Id., Document No. 733.)

On May 17, 2013, Movant filed a document entitled "Fed. R. Civ. P. 15(A) Motion to Amend." (Id. Document No. 734.) The Court construed Movant's Motion as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, thereby initiating the instant action. (Id.) In his Motion, Movant argued as follows:

> The Court committed manifest error by sentencing Defendant (Haskins) to 575 grams of cocaine base (crack). While the indictment held no amount of drugs, Defendant plead guilty and admitted to 19.72 grams of cocaine base (crack) do to the judicial involvement and stipulation of the amount 19.72 grams in the plea colloquy by Honorable Judge David A. Faber, Prosecutor John C. Parr and Defendant's Attorney Gerald Needum (Plea Colloquy TR: Pg. 25, Line 10 threw 25/pg. 26 Line 1 threw 2). Defendant ask this Honorable Court for 18 to 1 considerations on the 19.72 grams that was stipulated to in the plea hearing and immediate release being as it would be time served.

On May 28, 2013, Movant filed a Motion to Amend/Correct his Motion for Reconsideration in Criminal Action 1:95-0072. (Id., Document No. 737.) Specifically, Movant stated that "[t]his Motion Rule 15(a) is to Amend or Add to Def. Haskins' Motion for Reconsideration under Rule 59(E) that was filed May 1, 2013, which stem from the Rule 24 Order that was denied April 22, 2013. (Id., Document No. 737.)

Also on May 28, 2013, Movant filed a Motion to Dismiss his Section 2255 Motion. (Id., Document No. 738.) Movant explains that he does not wish for his "Fed. R. Civ. P. 15(A) Motion to Amend" to be construed as a Section 2255 Motion. (Id.) Movant states that he intended the "Fed. R. Civ. P. 15(A) Motion to Amend" to be filed as a Motion to Amend his Motion for Reconsideration filed in Criminal Action No. 1:95-0072. (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Movant may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in

6

preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i). See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.") The undersigned further recommends that a copy Movant's "Fed. R. Civ. P. 15(A) Motion to Amend" (Document No. 734.), which was construed as the instant Section 2255 Motion, be filed in Criminal Action No. 1:95-0072 as a Motion to Amend Movant's Motion for Reconsideration concerning the District Court's "Rule 24 Order" entered on April 22, 2013.

## PROPOSED FINDINGS AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's Motion to Dismiss (Document No. 738.), **DISMISS** Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Document No. 734.), file a copy of Movant's "Fed. R. Civ. P. 15(A) Motion to Amend" (Document No. 734.) as a Motion to Amend his Motion for Reconsideration in Criminal Action No. 1:95-0072, and remove this case from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections asset forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding Chief United States District Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se*, in these proceedings, and to counsel of record.

ENTER: June 3, 2013.

R. Clarke VanDervort
United States Magistrate Judge